**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHRISTOPHER LUCAS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-907-SEB-JMS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Having considered the pleadings and the United States' unopposed motion for summary judgment, the court finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1. The plaintiff's action is brought to recover property seized from his residence at 3805 Wittfield Street, Indianapolis, Indiana. The specific items are the following:

- $ 6,784.00 taken from a safe
- $ 4,450.00 taken from Mr. Lucas' pocket
- Jewelry (men's bracelets, women's bracelets, necklaces, gold ring and diamond earrings)
- Recording Equipment
- Computer
- Electronic Drum Set
- 2000 Ford van
- 2000 Suzuki Intruder motorcycle

All of the claimed items were seized by state law enforcement officers during their investigation of violations of state law, and, with one exception, are currently defendants in a state forfeiture action filed on November 8, 2004, and still pending in the Marion Superior Court in No. 49D11-0411-MI-02055. The exception is the item described as "computer." With that exception, the United States does not have, and never had, custody of any of the claimed items.

2. The item described generally as "computer" was actually a collection of items, these being:

- One Dell Latitude D400 laptop computer, serial number 3D2YW21, with laptop case and external CD drive and cord;

- One Dell Dimension 4300 computer, serial number 3X6J411; and

- One Dell computer monitor.

These items were seized by law enforcement officers of Marion County, Indiana, on June 10, 2004, and were then turned over to the Federal Bureau of Investigation on October 7, 2004. On May 22, 2006, these items were turned over to the plaintiff's representative, Terri Chatfield.

3. As to the computer, therefore, the plaintiff is not entitled to a remedy, because the United States no longer has the property. As to the other items, the plaintiff is not entitled to a remedy from the United States, because the United States was not and is not in possession of them.

4. "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983). The plaintiff has not attempted to meet that burden here, and because the United States has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, its motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/09/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana